UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL THOMAS LEWIS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 23-cv-01530 (APM) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

**I.**

Plaintiff Michael Lewis, appearing pro se, brings claims against Defendant United States of America under the Federal Tort Claims Act ("FTCA"), alleging that he has suffered property loss resulting from various federal employees' determinations regarding the dischargeability of his student loans. Defendant moves to dismiss Plaintiff's complaint for, among other things, lack of subject matter jurisdiction (based on sovereign immunity) and issue preclusion. The court grants Defendant's motion to dismiss because it lacks jurisdiction.

**II.**

This case pertains to Plaintiff's student loan obligations. In 1999, Plaintiff consolidated his various student loans under the Federal Family Education Loan Consolidation Program. *See generally* Compl., ECF No. 1 [hereinafter Compl.]. The Pennsylvania Higher Education Assistance Authority ("PHEAA") was the consolidated loan's original guarantor. Compl., Exs. Part 1, ECF No. 1-2, at 38. In 2005, Plaintiff filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Southern District of Indiana. *Id.* at 12. In 2006, the court granted him a discharge from his student loan debt. *Id.* at 15. In 2006, Nelnet, the creditor of Plaintiff's student loan debt,

submitted a Proof of Claim form to the bankruptcy court. *Id.* at 28. In 2013, Plaintiff filed again for bankruptcy. *Id.* at 32. Nelnet again filed Proof of Claim as to the loan in April of 2013. *Id.* at 33. Nelnet then transferred their interest in the loan to PHEAA. *Id.* at 32–33. In June of 2013, PHEAA assigned its rights in the loan to Education Credit Management Corporation ("ECMC"). *Id.* at 34. In October 2013, the U.S. Bankruptcy Court for the Southern District of Indiana ruled that Plaintiff's 2005 bankruptcy did not discharge his student loan debt, as he had not filed an adversary proceeding to determine dischargeability "for undue hardship or upon any other grounds." *Id.* at 71.

Plaintiff claims that various officials' subsequent conduct relating to these loans violated the FTCA. Compl. at 4. First, he alleges that V. Wilson and Lora Brown, Department of Education employees, acted wrongfully by claiming that his loans had not been discharged by his 2005 bankruptcy. *Id.* at 42–45. He also challenges the actions of Judge Gregory F. Van Tatenhove, who held that Plaintiff's loans could not have been discharged in the absence of an adversary proceeding demonstrating undue hardship. *Id.* at 47. Finally, Plaintiff charges Michael S. Taylor, a Department of Education employee, with wrongfully denying Plaintiff's administrative FTCA claim. *Id.* at 48.

Plaintiff appears to contend that he was injured by these actions because his 2020 federal tax refund of $7,284.00 was later paid to the Department of Education to satisfy this debt. *Id.* at 47. Additionally, he claims that Judge Van Tatenhove's dismissal of his suit against PHEAA and ECMC in the Eastern District of Kentucky injured him "by fraudulently denying [him] a rightful money transfer of property upon a civil jury's findings on multiple occasions through witness tampering and obstruction of justice during those official civil proceedings." *Id.* at 11–12.

### III.

Federal courts are courts of limited subject matter jurisdiction that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts therefore must treat a challenge to subject matter jurisdiction as a threshold issue. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94–95 (1998). In determining its jurisdiction, courts must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). The court may look both to the allegations set forth in the complaint as well as material outside of the pleadings. *See Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). Pleadings "drafted by a pro se plaintiff" are held to "less stringent standards that formal pleadings drafted by lawyers." *Tate v. Dist. of Columbia*, 627 F.3d 904, 913 (D.C. Cir. 2010) (internal quotation marks omitted).

### IV.

Defendant argues that the court lacks subject matter jurisdiction in this case because the FTCA's waiver of sovereign immunity is not applicable to Plaintiff's claims. Def.'s Mem. in Supp. of Mot. to Dismiss, ECF No. 19, at 5. The court agrees.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity is therefore a "prerequisite" for subject matter jurisdiction over claims brought against the United States. *United States v. Mitchell*, 473 U.S. 206, 212 (1983). The FTCA waives "'sovereign immunity . . .

3

for certain torts committed by federal employees' acting within the scope of their employment." *Brownback v. King*, 592 U.S. 209, 212 (2021) (citing *Meyer*, 510 U.S. at 475–76).

The FTCA sets forth six statutory waiver requirements that must be met to establish jurisdiction. *Id.* The claim must be "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Here, each of Plaintiff's claims is deficient as to at least one of these factors, or for some other reason. The court does not have jurisdiction over any claim.

*Wilson and Brown.* The court lacks jurisdiction over Plaintiff's claims regarding the conduct of agency employees Wilson and Brown because the complaint does not plausibly establish that the United States, if a private person, would be liable under governing state law. In FTCA cases, a complaint's failure to present a "local private analog" for liability deprives a court of subject matter jurisdiction. *See Hornbeck Offshore Transportation, LLC v. United States*, 569 F.3d 506, 507–08 (D.C. Cir. 2009). Plaintiff does not allege the applicable state law, or how the challenged conduct would violate any such law. Thus, Plaintiff's claims regarding Wilson and Brown must be dismissed.

*Judge Van Tatenhove.* Plaintiff's claims concerning Judge Van Tatenhove must be dismissed as he is entitled to judicial immunity. *See Atherton v. D.C. Off. Of Mayor*, 567 F.3d 672, 682 (D.C. Cir. 2009) ("Because the nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have, judges are protected by absolute judicial immunity.") (internal quotation marks omitted). In this case,

Plaintiff claims that Judge Van Tatenhove wrongfully or negligently caused him property loss by dismissing his suit against PHEAA and ECMC in the Eastern District Court of Kentucky. Compl. at 11. As this claim arises from the act of a judge, it is barred by judicial immunity.

*Taylor*.  The court also dismisses Plaintiff's claims regarding Taylor's denial of his administrative FTCA claim because that denial did not injure Plaintiff. Again, Plaintiff appears to base his FTCA claims on two injuries—the IRS' payment of his 2020 tax return towards his student loan debt, and Judge Van Tatenhove's dismissal of his suit against PHEAA and ECMC. *See id.* at 11, 47. As those injuries took place *before* the filing of the initial FTCA claim, it is unclear from Plaintiff's complaint what further property loss or injury Taylor's denial caused. Without any basis to claim that Taylor's actions independently injured him, Plaintiff's claim with regards to this denial cannot meet the requirements of the FTCA. *See Garnier v. United States*, 621 F. Supp. 3d 225, 228 (D. Mass. 2022) (noting that "it is unlikely that [a plaintiff] could ever make such a showing where he at all times had the right to ask [the agency] to reconsider its denial of his complaint, or to bring an action in court, which he chose to do").

## V.

For the foregoing reasons, the court grants Defendant's Motion to Dismiss, ECF No. 19. A final, appealable order accompanies this Memorandum Opinion.

Dated:  July 29, 2024

Amit P. Mehta
United States District Court